IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**JAMES C.[1]**,

      Plaintiff,

   v.

**ANDREW M. SAUL,** Commissioner of Social Security,

      Defendant.

Case No. 1:19-cv-1392-SI

**OPINION AND ORDER**

John E. Haapala, 410 East 10th Avenue, Suite 240, Eugene, Oregon 97401. Of Attorneys for Plaintiff.

Scott Erik Asphaug, Acting United States Attorney, and Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Jeffrey E. Staples, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      James C. (Plaintiff) brings this action pursuant to § 205(g) of the Social Security Act (the

Act), *as amended*, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

Commissioner of the Social Security Administration (Commissioner) denying Plaintiff's application for Disability Insurance Benefits under Title II of the Act. For the reasons that follow, the Commissioner's decision is AFFIRMED.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

When the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A. Plaintiff's Application

Plaintiff initially filed an application for a period of disability and disability insurance benefits on December 25, 2016. Plaintiff was born on August 13, 1962 and was 53 years old on June 1, 2016, the alleged date of disability onset. Plaintiff's claim was denied on February 10, 2017, and again upon reconsideration on June 23, 2017. On August 6, 2018, Plaintiff appeared at a hearing before Administrative Law Judge (ALJ) Barry Robinson. The ALJ issued an unfavorable decision, of which Plaintiff requested review by the Appeals Council. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of the ALJ's decision by this Court.

### B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

   1.   Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2.      Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.      Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" (RFC). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.      Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.      Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The

Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

### C. The ALJ's Decision

At step one of the sequential analysis, the ALJ found that Plaintiff met the insured status requirements of the Act through March 31, 2021, and had not engaged in substantial gainful activity since June 1, 2016. At step two, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease of the cervical spine and degenerative joint disease of the right shoulder. At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, subpart P, Appendix 1. The ALJ determined that Plaintiff retained the RFC to perform light work, except that Plaintiff is limited to occasionally climbing ladders, but never climbing ropes or scaffolds, can occasionally crawl, cannot perform overhead reaching bilaterally, and should avoid concentrated exposure to hazardous machinery and unprotected heights. At step four, the ALJ determined that Plaintiff is capable of performing past relevant work of an assembler. The ALJ did not proceed to step five. The ALJ determined that Plaintiff has not been under a disability as defined in the Act, from June 1, 2016 through the date of decision.

## DISCUSSION

Plaintiff argues that the ALJ improperly found that Plaintiff's fibromyalgia was not a medically determinable impairment and improperly rejected Plaintiff's subjective symptom testimony for reasons that were not clear and convincing.

**A. Fibromyalgia**

In considering severe impairments at step two, the ALJ found that Plaintiff's fibromyalgia was not a medically determinable impairment due to lack of objective medical evidence. The ALJ found that the record did not show that Plaintiff "has the requisite number of tender point[s] and there is no evidence that medical doctors have excluded other impairments as required in SSR 12-2p." AR 17. The ALJ also found that Plaintiff was "merely assessed" with fibromyalgia, which did not meet "the criteria for a qualifying diagnosis to be considered an impairment under Social Security Regulations." *Id.* Plaintiff disputes the ALJ's conclusion that fibromyalgia is not a medically determinable impairment. The Commissioner responds that the ALJ considered Plaintiff's medical records under two tests for fibromyalgia, and properly found that Plaintiff has not met either test's requirements.

According to Social Security Ruling (SSR) 12-2p, fibromyalgia can be considered a medically determinable impairment only when its diagnosis is established under either of two sets of diagnostic criteria. The first set, based on the 1990 American College of Rheumatology (ACR) Criteria for the Classification of Fibromyalgia, requires:

    (1)    a history of widespread pain that has persisted for at least 3 months;

    (2)    at least 11 out of 18 positive tender points on a physical exam; and

    (3)    evidence that other disorders that could cause the symptoms or signs were excluded.

SSR 12-2p, *available at* 2012 WL 3017612, at *2-3.

The second set of criteria, based on the 2010 ACR Preliminary Diagnostic Criteria, requires:

> (1) a history of widespread pain,
>
> (2) repeated manifestations of six or more fibromyalgia symptoms, signs, or co-occurring conditions, especially manifestations of fatigue, cognitive or memory problems ('fibro fog'), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome; and
>
> (3) evidence that other disorders that could cause these repeated manifestations were excluded.

SSR 12-2p, available at 2012 WL 3017612, at *3.

The ALJ found that Dr. Sokalski did not establish a diagnosis under the 1990 standard because Dr. Sokalski did not detail that at least 11 of 18 tender points were positive. AR 17. Although Plaintiff is correct that Dr. Sokalski noted that Plaintiff had "some" positive tender points, the record does not show that at least 11 of 18 were positive. Because there is no evidence of the requisite tender points, the ALJ correctly found that Plaintiff cannot establish fibromyalgia as an impairment under the 1990 criteria.

The ALJ further found that Dr. Sokalski did not establish a diagnosis under the 2010 standard because there was no finding that other disorders that could cause the repeated manifestations of fibromyalgia symptoms were excluded. Plaintiff argues that Dr. Sokalski stated he "did not believe" Plaintiff had lupus. Thus, Plaintiff argues, Dr. Sokalski's opinion meets the criteria that it excludes other disorders.

The Commissioner responds that Dr. Sokalski's equivocal exclusion of lupus does not meet this criterion. The Court agrees. Rather than exploring the potential other disorders that could have caused Plaintiff's repeated manifestations of fibromyalgia symptoms, Dr. Sokalski

merely remarked on the possible likelihood of one particular disorder without expressing any opinion on whether that was the only possible condition that could result in the same symptoms but without conclusively ruling it out. That is insufficient evidence.

## B. Subjective Symptom Testimony

A claimant "may make statements about the intensity, persistence, and limiting effects of his or her symptoms." SSR 16-3p, 2017 WL 5180304, at *6 (Oct. 25 2017).[2] There is a two-step process for evaluating a claimant's testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). When doing so, "the claimant need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not

---

[2] Effective March 28, 2016, Social Security Ruling (SSR) 96-7p was superseded by SSR 16-3p, which eliminates the term "credibility" from the agency's sub-regulatory policy. SSR 16-3p; Titles II and XVI: Evaluation of Symptoms in Disability Claims, 81 Fed. Reg. 14166 (Mar. 16, 2016). Because, however, case law references the term "credibility," it may be used in this Opinion and Order.

credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell*, 947 F.2d at 345-46).

Consideration of subjective symptom testimony "is not an examination of an individual's character," and requires the ALJ to consider all of the evidence in an individual's record when evaluating the intensity and persistence of symptoms. SSR 16-3p, *available at* 2016 WL 1119029, at *1-2. The Commissioner recommends that the ALJ examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4. The Commissioner further recommends assessing: (1) the claimant's statements made to the Commissioner, medical providers, and others regarding the claimant's location, frequency and duration of symptoms, the impact of the symptoms on daily living activities, factors that precipitate and aggravate symptoms, medications and treatments used, and other methods used to alleviate symptoms; (2) medical source opinions, statements, and medical reports regarding the claimant's history, treatment, responses to treatment, prior work record, efforts to work, daily activities, and other information concerning the intensity, persistence, and limiting effects of an individual's symptoms; and (3) non-medical source statements, considering how consistent those statements are with the claimant's statements about his or her symptoms and other evidence in the file. *See id.* at *6-7.

The ALJ's decision relating to a claimant's subjective testimony may be upheld overall even if not all the ALJ's reasons for discounting the claimant's testimony are upheld. *See Batson*

PAGE 9 – OPINION AND ORDER

*v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). The ALJ may not, however, discount testimony "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

The ALJ discounted Plaintiff's subjective testimony regarding the degree of limitations caused by Plaintiff's impairments because of Plaintiff's failure to seek treatment and improvement with conservative treatment, inconsistencies with Plaintiff's alleged limitations and the medical and other record evidence, and because his alleged limitations were not supported by the objective medical evidence. Plaintiff argues that the ALJ failed to identify any inconsistences between Plaintiff's statements and the medical record with specificity and therefore did not provide clear and convincing reasons for rejecting Plaintiff's symptom testimony.

SSR 16-3p states that "if the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints, or if the individual fails to follow prescribed treatment that might improve symptoms, we may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record." SSR 16-3p at *9; *see also Fair v. Bowen*, 885 F.2d 597, 603-04 (9th Cir. 1989) (explaining that an ALJ may rely on "unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment" when evaluating a claimant's subjective symptom testimony).

In his rationale for adjusting the degree of symptoms Plaintiff claimed to experience, the ALJ detailed how, in July 2017, the Plaintiff acknowledged that he had not taken any pain medication for several months. AR 20. The ALJ stated that Plaintiff's insurance denied coverage of the epidural injections, but Plaintiff had not actively pursued other forms of treatment by

PAGE 10 – OPINION AND ORDER

following up with neurosurgery. *Id*. In January 2018, Plaintiff stated that he never took his prescribed gabapentin, and took his tramadol every two to three days. In February 2018, Plaintiff reported that Excedrin was helpful treating his neck pain. *Id*. The ALJ found that, among other reasons, Plaintiff had sought treatment and pain relief that was not consistent with his symptom testimony. The ALJ's reliance on Plaintiff's failure to seek treatment, improvement with conservative treatment, and the inconsistency between the extent of treatment sought by Plaintiff and the degree of his subjective complaints falls within SSR 16-3p and are clear and convincing reasons to discount Plaintiff's alleged limitations. Further, the ALJ described how the objective medical evidence did not support Plaintiff's claimed limitations. Although subjective testimony "cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence," the medical evidence "is still a relevant factor in determining the severity of claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ's decision was, therefore, supported by specific, clear, and convincing reasons.

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled is AFFIRMED.

**IT IS SO ORDERED**.

DATED this 29th day of March, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 11 – OPINION AND ORDER